```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENNIS LAND,

                    Plaintiff,
                                        MEMORANDUM & ORDER
         -against-                      14-CV-3175(JS)(ARL)

MICHEAL [sic] SPIZZOTA [sic],
and MEDICAL STAFF,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Dennis Land, pro se
                    12006046
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, NY 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On May 19, 2014, incarcerated pro se plaintiff Dennis Land ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against "Micheal [sic] Spizzota [sic]"[1], who the Court understands to be Nassau County Sheriff Michael Sposato ("Sheriff Sposato"), and unidentified "Medical Staff" at the Nassau County Correctional Center (the "Jail" and together "Defendants"), accompanied by an application to proceed in forma pauperis.

Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment

---

[1] The Clerk of the Court is directed to update the docket sheet indicating the correct spelling as Michael Sposato.

of the filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

BACKGROUND[2]

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 complaint form, alleges that, on April 14, 2014, Plaintiff was "jumped" by two inmates who entered Plaintiff's cell. (Compl. ¶ IV.) Plaintiff describes that he was brought to the Jail's medical department shortly thereafter. (Compl. ¶ IV.) Plaintiff told the doctor that his ribs were broken and that he needed an X-ray. (Compl. ¶ IV.) Plaintiff claims that although the doctor scheduled Plaintiff for an X-ray, the X-ray was not taken until five days later, on April 19, 2014. (Compl. ¶ IV.) During this time, Plaintiff claims to have suffered "constant pain" and alleges that he was not given adequate pain medication until after the X-ray was taken. (Compl. ¶ IV.) Plaintiff describes that since the X-ray was taken, he has been given two daily shots of Toradol for pain. (Compl. ¶ IV.A.)

As a result of the foregoing, Plaintiff seeks to recover an unspecified sum of monetary damages for "pain and sufferung,

---

[2] The following facts are taken from Plaintiff's Complaint and are presumed to be true for the purpose of this Memorandum and Order.

2

mental anguish, and medical negligence." (Compl. ¶ V.)

DISCUSSION

I. <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II. <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. <u>See</u> <u>id.</u> § 1915A(b).

Courts are obliged to construe the pleadings of a <u>pro se</u> plaintiff liberally. <u>See</u> <u>Sealed Plaintiff v. Sealed Defendant</u>, 537 F.3d 185, 191 (2d Cir. 2008); <u>McEachin v. McGuinnis</u>, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53

4

(2d Cir. 1999)).

    A.   <u>Claim Against Sheriff Sposato</u>

In order to state a claim for relief under Section 1983 against an individual defendant, a plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation. <u>Farid v. Elle</u>, 593 F.3d 233, 249 (2d Cir. 2010). The Supreme Court held in <u>Iqbal</u> that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, . . . [a plaintiff] must plead that each Government-official defendant, through [the official's] own individual actions, has violated the Constitution." 556 U.S. at 676. Thus, a plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. <u>Rivera v. Fischer</u>, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. <u>See</u> <u>Jones v. Bay Shore Union Free Sch. Dist.</u>, 947 F. Supp. 2d 270, 280 (E.D.N.Y. 2013) (citing <u>Johnson v. Barney</u>, 360 F. App'x 199, 201 (2d Cir. 2010)).

As is readily apparent, Plaintiff's Complaint does not include any factual allegations sufficient to demonstrate any personal involvement by Sheriff Sposato, and it appears Plaintiff seeks to impose liability simply because of the supervisory positions he holds. Indeed, Sheriff Sposato is not mentioned in

5

the body of the Complaint and there are no allegations of action or inaction attributable to him. Consequently, the Section 1983 claims asserted against Sheriff Sposato is not plausible and is DISMISSED WITHOUT PREJUDICE.

B. Claims Against The "Medical Staff"

It is well-established that "not every lapse in medical care is a constitutional wrong." Salahuddin v. Goord, 467 F.3d 263, 279 (2d Cir. 2006). A valid constitutional claim requires a plaintiff to demonstrate that the defendant was "deliberate[ly] indifferen[t] to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Deliberate indifference has an objective prong and a subjective prong. Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996). The objective component requires that the deprivation be "sufficiently serious," creating a risk of "death, degeneration, or extreme pain." Id. (internal quotation marks and citation omitted). The subjective component requires that "the charged official must act with a sufficiently culpable state of mind," which "is the equivalent of criminal recklessness." Id. Importantly, a prisoner's "mere allegations of negligent malpractice do not state a claim of deliberate indifference." Id.; see also Estelle, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

6

malpractice does not become a constitutional violation merely because the victim is a prisoner.").[3]

Here, given that Plaintiff alleges that he ultimately was treated, albeit five days after his injury, the Court interprets this claim as one for delay in the provision of medical treatment. "When the basis for a prisoner's Eighth Amendment claim is a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged <u>delay or interruption</u> in treatment rather than the prisoner's <u>underlying medical</u> condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." <u>Smith v. Carpenter</u>, 316 F.3d 178, 185 (2d Cir. 2003) (quoting <u>Chance v Armstrong</u>, 143 F.3d 698, 702 (2d Cir. 1998)) (emphasis in original). "[A] delay in treatment does not violate the constitution unless it involves an act or failure to act that

---

[3] Plaintiff does not allege whether he is a convicted prisoner or a pretrial detainee. The Due Process Clause of the Fourteenth Amendment protects pretrial detainees from inadequate medical care while the Eighth Amendment protects convicted prisoners from cruel and unusual punishment in the form of inadequate medical care. <u>Burks v. Nassau Cnty. Sheriff's Dep't</u>, 288 F. Supp. 2d 298, 301-02 (E.D.N.Y. 2013). Such distinction is of no moment because the standard for analyzing each claim is the same. <u>Id.</u> at 302 (citation omitted); <u>see</u> <u>also</u> <u>Caiozzo v. Koreman</u>, 581 F.3d 63, 72 (2d Cir. 2009) ("Claims for deliberate indifference to a serious medical condition or other serious threat to the health or safety of a person in custody should be analyzed under the same standard irrespective of whether they are brought under the Eighth or Fourteenth Amendment.").

7

evinces 'a conscious disregard of a substantial risk of serious harm.'" Thomas v. Nassau Cnty. Corr. Ctr., 288 F. Supp. 2d 333, 339 (E.D.N.Y. 2003) (quoting Chance, 143 F.3d at 703). Thus, a plaintiff may establish a conscious disregard of a substantial risk of serious harm where, "for example, officials deliberately delayed care as a form of punishment, ignored a life threatening and fast-degenerating condition for three days, or delayed major surgery for over two years." Espinal v. Coughlin, 98-CV-2579, 2002 WL 10450, at *3 (S.D.N.Y. Jan. 3, 2002) (citations omitted). In addition, "a prisoner must show that, as a result of the delay, 'his condition became worse or deteriorated.'" Lewis v. Sheridan, 12-CV-0031, 2014 WL 1096220 (N.D.N.Y. Mar. 19, 2014) (quoting Johnson v. Enu, 08-CV-0158, 2011 WL 3439179, at *10 (N.D.N.Y. July 13, 2011).

Here, Plaintiff does not allege that the five-day delay in treatment is attributable to a "conscious disregard" of a "substantial risk of serious harm" to Plaintiff. Nor does Plaintiff allege that his condition became worse or deteriorated as a result of the brief delay. Moreover, Plaintiff does not attribute the delay in medical treatment to any particular individual; rather, Plaintiff generally names the Jail's "Medical Staff" as a Defendant. This generalized pleading does not include allegations that any individual acted with the requisite state of mind. Thus, Plaintiff has not sufficiently alleged a plausible

8

deliberate indifference claim.

IV. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Upon such consideration, the Court GRANTS Plaintiff leave to file an Amended Complaint in accordance with this Order by September 5, 2014.

Any Amended Complaint shall be clearly labeled "Amended Complaint" and shall bear docket number 14-CV-3175(JS)(ARL). In the Amended Complaint, Plaintiff must identify the individual who was personally involved in the challenged conduct. If Plaintiff cannot identify the individual in the time allowed, he may designate the Defendant as "John/Jane Doe" in the caption and in the body of the Amended Complaint, along with descriptive information (including the date, time, and location of their interaction).

Plaintiff's Amended Complaint will replace his original Complaint. Therefore, all claims and allegations Plaintiff wishes to pursue should be included in his Amended Complaint. If Plaintiff fails to file an Amended Complaint within the time allowed, the Complaint shall be DISMISSED WITH PREJUDICE. If Plaintiff timely files an Amended Complaint it shall be reviewed

9

pursuant to 28 U.S.C. § 1915A(a).

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Plaintiff is GRANTED leave to file an Amended Complaint no later than September 5, 2014. Any Amended Complaint must be captioned as an "Amended Complaint" and must bear the same docket number as this Memorandum and Order, 14-CV-3175(JS)(ARL).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August   5  , 2014
       Central Islip, New York

10