```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DENNIS LAND,

                    Plaintiff,
                                           MEMORANDUM & ORDER
          -against-                        14-CV-3175(JS)(ARL)

"JOHN/JANE DOE",

                    Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Dennis Land, pro se
                    117 Jefferson Street
                    Inwood, NY 11096

For Defendant:      No appearance.
```

SEYBERT, District Judge:

On May 19, 2014, then-incarcerated pro se plaintiff Dennis Land ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against Michael Sposato and "Medical Staff", accompanied by an application to proceed in forma pauperis.

By Memorandum and Order dated August 5, 2014 (the "Order"), the undersigned granted the application to proceed in forma pauperis, but sua sponte dismissed the pro se Complaint with leave to file an Amended Complaint by September 5, 2014.

On August 26, 2014, Plaintiff timely filed an Amended Complaint against "John/Jane Doe" ("Defendant"). The Amended Complaint does not, however, allege any facts in support of Plaintiff's Section 1983 claim against Defendant. Rather, Plaintiff's Statement of Claim alleges, in its entirety, that

"[t]he facts are stated in Background of Memorandum."[1]  (Am. Compl., Docket Entry 10, ¶ IV.)

Given that the Amended Complaint does not set forth any facts or claims against Defendant, it fails to allege a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); see also Order, at 6-8 (setting forth specific pleading deficiencies in Plaintiff's deliberate indifference claim).  In light of Plaintiff's pro se status, **the Court GRANTS Plaintiff a final opportunity to file an Amended Complaint in accordance with the guidance set forth in the Order not later that November 10, 2014.** See Order, at 6-9.  Plaintiff is again instructed that the Amended Complaint shall be clearly labeled "Second Amended Complaint" and shall bear docket number 14-CV-3175(JS)(ARL).  In the Second Amended Complaint, Plaintiff must identify the individual who was personally involved in the challenged conduct.  If Plaintiff cannot identify the individual in the time allowed, he may designate the Defendant as "John/Jane Doe" in the caption and in the body of the Second Amended Complaint, along with descriptive information (including the date, time, and

---

[1] The Court presumes that Plaintiff is referring to the Order.

location of their interaction).

Plaintiff's Second Amended Complaint will replace his original and Amended Complaint.  Therefore, all claims and allegations Plaintiff wishes to pursue should be included in his Second Amended Complaint.  If Plaintiff fails to file a Second Amended Complaint bu November 10, 2014, his Complaint shall be DISMISSED WITH PREJUDICE.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore <u>in forma pauperis</u> status is DENIED for the purpose of any appeal.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the <u>pro se</u> Plaintiff.

SO ORDERED.

<u>/s/ JOANNA SEYBERT     </u>
Joanna Seybert, U.S.D.J.

Dated: October <u> 9 </u>, 2014
      Central Islip, New York

3